J. H. LASSITER v. M. L. STELL.

(Filed 9 November, 1938.)

**Landlord and Tenant § 3: Ejectment § 6a—In summary ejectment tenant may show that landlord's title had terminated after tenancy was created.**

The estoppel of a tenant to deny his landlord's title applies to the landlord's title as of the time the tenancy is created, and does not prevent the tenant from showing that after the tenancy was created the landlord's title had been surrendered, or had expired or been extinguished, and in an action in summary ejectment by a lessee against his sub-lessee, the sub-lessee is entitled to introduce evidence tending to show that prior to the institution of the action the lessee had surrendered his lease and that the sub-lessee's wife had leased the premises directly from the owner for the following year.

APPEAL by defendant from *Sinclair, J.*, at February Term, 1938, of WAKE. New trial.

*Jones & Brassfield for plaintiff, appellee.*
*Little & Wilson for defendant, appellant.*

SCHENCK, J. Proceeding in summary ejectment instituted before a justice of the peace under the provisions of C. S., 2365, *et seq.,* and tried in Superior Court upon appeal.

The premises involved is the property of Miss Hattie Clifton. The plaintiff rented the premises from the owner thereof during the year 1937, and sublet it to the defendant for that year. At the expiration of the year 1937 plaintiff demanded possession of the defendant, and upon refusal of defendant to surrender possession instituted this proceeding on 4 January, 1938.

Defendant contended and offered evidence tending to show that the plaintiff gave up his lease of the premises from the owner thereof prior to 1 January, 1938, and that defendant's wife rented the premises from the owner thereof in October, 1937, for the year 1938, after plaintiff had notified defendant that he (plaintiff) was giving up the premises and was going to have nothing more to do therewith, and after the plaintiff had hauled his fences and other property therefrom. His Honor sustained the plaintiff's objection to the introduction of this evidence, upon the theory that the defendant (tenant) was estopped to deny the title of the plaintiff (landlord). His Honor charged the jury that if they found the facts to be as testified by all of the witnesses they would answer the issues in favor of the plaintiff. From judgment for the plaintiff the defendant appealed, assigning as error the sustaining of the objection to the evidence tending to show plaintiff's surrender of his lease and the peremptory instruction in the charge.

While the rule that a tenant is estopped to deny the title of his landlord is too well settled to require citation of authority, this rule applies to the title of the landlord as it existed at the time he entered into the lease with the tenant under which the tenant entered the premises, and does not preclude the tenant from showing that during the tenancy the landlord's title had terminated or had been extinguished, and the former landlord was therefore without authority to maintain a proceeding in summary ejectment against his former tenant. If the plaintiff had given up his lease of the premises from the owner prior to 1 January, 1938, he was without authority to institute this proceeding or maintain it after 1 January, 1938, and it was competent for the defendant to show by the evidence offered that such was the case.

"The estoppel to deny title relates to the title as it existed when the tenancy commenced, and hence does not operate to prevent the tenant from showing that his landlord's title has terminated or expired since the relation began. In other words the estoppel is then at an end. This is true, however, only in a qualified sense. The estoppel is terminated in so far as the landlord is concerned but still exists, while the tenant continues in the possession given him by the original landlord, as

against the person succeeding to the landlord's title, where he is one other than the tenant himself." 35 C. J., p. 1239.

"The right to maintain the action depends upon the existence of a tenancy, and a tenancy once created is presumed to continue so long as the tenant remains in possession. This presumption may be rebutted, however, for the rule which estops a tenant from disputing the title of his landlord does not prevent him from showing that the tenancy has been determined. He is estopped so long as the tenancy continues, but the tenancy being dissolved, the disabilities resulting from his position as a tenant are removed, and the estoppel ceases. 'The tenant,' says Greenleaf, 'may always show that his landlord's title has expired, or that he has sold his interest in the premises, or that it is alienated from him by judgment and operation of law.' 2 Greenleaf Ev., 253." (2 Greenleaf on Evidence [16th Ed.], par. 305, p. 302.) *Wheelock v. Warschauer,* 21 Cal., 309 (317).

In *Lawrence v. Eller,* 169 N. C., 211, *Hoke, J.,* quotes with approval from *Davis v. Williams,* 130 Ala., 530, the following: "2. A tenant is estopped to dispute the title of his landlord, unless his landlord's title has expired or been extinguished, either by operation of law or his own act, after the creation of the tenancy. 3. It is only where there is a change in the condition of the landlord's title for the worse, after a tenant enters into his contract, in the absence of fraud, or mistake of fact, that he is permitted to show the change in the condition of the title."

We are constrained to hold that his Honor erred in excluding the evidence tendered by the defendant tending to show that the plaintiff's title had been surrendered by him and had therefore expired or been extinguished when this proceeding was instituted, and in charging the jury that if they found the facts to be as shown by all the testimony it would be their duty to answer the issues in favor of the plaintiff.

For the error assigned the defendant is entitled to a

New trial.