JESSIE B. HACKETT v. JOHN FLAVIUS HACKETT, JR.

No. 7618DC385

(Filed 20 October 1976)

1. Ejectment § 1— order to convey part of property to defendant

The trial court in a summary ejectment proceeding erred in directing plaintiff to convey to defendant two acres of the land in question where all the evidence and findings support the court's conclusion that plaintiff is the sole owner of the property and there is nothing in the record to support the court's order directing a conveyance to defendant.

2. Betterments § 1— improvements made while tenant

Defendant was not entitled to betterments where all the evidence showed that any improvements defendant made on the property in question were not made under any color of title but were made while he was a tenant of either his father or mother or both. G.S. 1-340.

APPEALS by plaintiff and defendant from *Kuykendall, Judge.* Judgment entered 13 February 1976 in District Court, GUILFORD County. Heard in Court of Appeals 16 September 1976.

This is a summary ejectment proceeding wherein the plaintiff, Jessie B. Hackett, seeks to have her son the defendant, John F. Hackett, Jr., removed from her farm in Guilford County, North Carolina. The proceeding was instituted before the magistrate who entered an order on 11 July 1974 that the defendant be removed from and the plaintiff be put in possession of the premises. The defendant appealed to the district court and filed an answer and counterclaim denying that plaintiff was the owner of the property and alleging among other things that he is entitled to compensation for improvements made by him on the property.

After a trial without a jury, the Court made the following pertinent findings and conclusions:

"FINDINGS OF FACT

*   *   *

4. On February 12, 1969, J. F. Hackett, Sr., at a time when he was of sound and discerning mind, knowing what he was doing and understanding the nature and effect of his act and its scope and effect, and of his own will, free of any undue or improper influence or compulsion,

made, executed, delivered, and caused to be recorded in the Guilford County Registry, Office of Register of Deeds, Deed Book 2420, at Page 714, a deed in lawful and proper form conveying to himself and his wife, the present plaintiff ('J. F. Hackett and wife, Jesse B. Hackett') in an estate by the entireties all of the farm and tracts of land which he owned and which are described above in paragraph 2 hereof.

5. J. F. Hackett, Sr., died on or about March 2, 1969. His wife, the plaintiff, and his son, the defendant, survived him. His said will was duly probated in this county and there has never been any caveat thereto nor contest thereof.

6. Thereafter, the plaintiff agreed and contracted orally with the defendant that the defendant should reside upon said lands, not in her home thereon, but in a house which the defendant had been instrumental in building near the southwest corner of the farm, as her farm tenant, so that he might tend the crops on the farm, including the tobacco crop, and that he should pay to her annually as rent one-half the income from the tobacco crop.

\* \* \* \*

10. Plaintiff is the lawful and rightful owner of said farm and premises described in paragraph 2 above, and defendant entered into possession thereof as the lessee and farm tenant of the plaintiff.

\* \* \* \*

14. The defendant was reared on the farm and premises by his parents, and lived with them. After reaching adulthood he married. Thereafter, at times, he resided on the farm, with his parents' consent, in the house where he now resides with his wife. He is also now permitting his own grown son to reside on the premises in a mobile home. Plaintiff's notice to vacate included defendant's son.

15. At various times defendant has performed work on the farm, including work toward constructing the house in which he now resides. His parents paid various bills in connection with the construction of the house, and made various other expenditures on behalf of the defendant.

\* \* \* \*

---

---

Conclusions of Law

\* \* \* \*

2. The deed executed by J. F. Hackett, Sr., on February 12, 1969, recorded in Deed Book 2420, at page 714, Guilford County Registry, mentioned in paragraph 4 above, is a good and lawful deed of conveyance and is in no way invalid.

3. At the time of the death of J. F. Hackett, Sr., his wife, the present plaintiff and her husband owned all of the farm and lands described in said deed, all as set forth in paragraph 2 of the above findings of fact, in an estate by the entireties.

4. Upon the death of the plaintiff's husband the plaintiff became the sole owner of said farm and lands in fee simple."

The Court entered an order that plaintiff be put in possession of the property, but that she convey to defendant the house in which he had resided on the property together with two acres of land surrounding the house.

Both plaintiff and defendant appealed from the order.

*Cahoon & Swisher, by Robert S. Cahoon, for plaintiff appellant.*

*Henderson & Jennings, by Neill A. Jennings, Jr., for defendant appellant.*

HEDRICK, Judge.

Plaintiff's Appeal:

[1] Plaintiff assigns as error the court's order directing her to convey two acres of the land in question to the defendant. Plaintiff insists that there are no findings or conclusions to support this order. We agree. All of the findings of fact made by the trial court support the conclusion that plaintiff is the sole owner of the property in question. The record supports these findings and conclusions and there is nothing in the record to support the court's order directing the plaintiff to convey any of the property to the defendant. Therefore that portion of the order challenged by plaintiff's appeal is vacated. The remainder of the judgment appealed from is affirmed. How-

ever, since the order that defendant be removed from and plaintiff be put in possession of the premises does not require that the defendant be removed from all of the property, the cause must be remanded to the district court for the entry of an order that the plaintiff be put in possession of and the defendant be removed from all of the property, including the two acres challenged by plaintiff's appeal.

Defendant's Appeal:

[2]   Defendant's sole contention is that the court erred in not making findings and conclusions dispositive of his counterclaim for betterments. To be entitled to compensaton for betterments under G.S. 1-340, defendant must show that he made permanent improvements on the property under a *bona fide*, reasonable belief of good title. *Pamlico County v. Davis*, 249 N.C. 648, 107 S.E. 2d 306 (1959).

All of the evidence and the findings of fact in this case show that any improvements made on the property by the defendant were made, not under any color of title, but while he was a tenant of either his father or mother or both. The Court's findings and conclusions with respect to the property and defendant's interest therein preclude any compensation to defendant for any alleged betterments. Furthermore, the findings and conclusions made by the trial court are sufficient to support an order dismissing defendant's counterclaim for betterments pursuant to G.S. 1A-1, Rule 41(b). However, the trial court failed to enter an order specifically disposing of defendant's counterclaim for betterments. The cause, therefore, must be remanded to the district court for the entry of an order, based on the findings and conclusions already made, dismissing defendant's counterclaim for alleged betterments.

The result is: As to plaintiff's appeal, vacated in part, affirmed in part, and remanded with directions. As to defendant's appeal, remanded with directions.

Judges MORRIS and ARNOLD concur.