FIVE OAKS HOMEOWNERS ASSOCIATION, INC. v. EFIRDS PEST CONTROL
COMPANY

No. 8414SC963

(Filed 2 July 1985)

**Estoppel § 4.6— termite inspection contract—failure to pay reinspection fee—equi-
table estoppel not available**

> The trial court properly entered summary judgment for defendant in an
> action in which plaintiff sought specific performance or damages for an alleged
> breach of a termite inspection contract. Plaintiff knew from the contract that
> an inspection fee was due annually, that the contract was subject to automatic
> termination for failure to make the payments, and admitted that it failed to
> pay for the years 1981 and 1982. Although defendant had invoiced plaintiff for
> a reinspection fee the first year, plaintiff could not rely on that practice in
> subsequent years and could not assert equitable estoppel because the language
> of the contract was plain and unambiguous.

APPEAL by plaintiff from *Brannon, Judge.* Judgment entered
9 April 1984 in Superior Court, DURHAM County. Heard in the
Court of Appeals 18 April 1985.

Plaintiff brought this action seeking specific performance or
damages resulting from an alleged breach by defendant of a ter-
mite inspection contract. The initial contract was dated 11
September 1979. At an unspecified time a renewal notice for the
$200 annual reinspection fee covering the period October 1980
through September 1981 was sent to plaintiff. Plaintiff paid this
amount by check on 11 September 1980. Plaintiff did not receive a
renewal notice and did not pay the reinspection fee for 1981 and
1982 when due. Plaintiff alleges that on 15 November 1982, when
a new officer discovered that defendant had not sent invoices for
1981 and 1982, plaintiff tendered a check for $400 which was
declined. The contract provided that a reinspection fee was due
within sixty days of the anniversary of the effective date of the
contract, and the contract would terminate automatically without
notice upon failure to make any payment due.

After considering the pleadings, interrogatories, admissions,
and oral arguments of both parties, the trial judge granted de-
fendant's motion for summary judgment.

*Everett and Hancock by S. Allen Patterson II for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog by D. James Jones, Jr. and Theodore B. Smyth for defendant-appellee.*

PARKER, Judge.

The fact is undisputed that the termite inspection contract required annual reinspection payments and allowed automatic termination without notice upon failure to make the payments. Plaintiffs admits that it failed to pay the annual reinspection fee for 1981 and 1982. Plaintiff contends that summary judgment was inappropriate. Plaintiff argues that having received an invoice for reinspection fees at the end of the first year, it was entitled to rely on this practice by defendant for subsequent years, and there was a genuine issue of material fact as to whether (i) defendant's regular business practice was to invoice customers for fees and (ii) whether this practice was deliberately not followed with respect to plaintiff in 1981 and 1982. The contract did not specify that defendant would invoice plaintiff each year, but plaintiff argues that defendant is equitably estopped from terminating the contract because plaintiff relied on being invoiced by defendant.

The essential elements of equitable estoppel as related to the party estopped are (i) a false representation or concealment of material facts, or conduct reasonably calculated to convey the impression that the facts are otherwise than those which the party afterwards attempts to assert; (ii) intention or expectation that such conduct be acted upon by the other party; and (iii) knowledge, actual or constructive, of the real facts. *Hawkins v. M & J Finance Corp.*, 238 N.C. 174, 77 S.E. 2d 669 (1953). As related to the party claiming the estoppel, the essential elements are (i) lack of knowledge and the means of knowledge of the truth of the facts in question; (ii) reliance upon the conduct of the party to be estopped; and (iii) action based on this conduct which changes his position prejudicially. *Id.*

In the instant case, plaintiff has failed to show that it lacked knowledge, or the means of knowledge, of the truth of the facts. The contract provided:

> The Buyer may extend this Guarantee for an unlimited number of one year periods by having the Company reinspect

the premises annually and paying a reinspection fee in the amount shown on the reverse side thereof within sixty (60) days after the anniversary of this Contract's effective date. This Guarantee, and all liability of the Company, shall terminate automatically and without notice upon the Buyer's failure to make any payment in accordance with the provisions of this Contract.

When the language of a written contract is plain and unambiguous, the contract must be interpreted as written and the parties are bound by its terms, *Corbin v. Langdon*, 23 N.C. App. 21, 208 S.E. 2d 251 (1974); neither party can deny knowledge of its contents. Since plaintiff knew from the contract that the reinspection fee was due annually, it cannot claim that defendant was estopped from cancelling the contract because it had not sent plaintiff an invoice for the reinspection fee. Absent fraud, estoppel is not available to protect a party from the consequences of its own negligence. *Thomas v. Ray*, 69 N.C. App. 412, 317 S.E. 2d 53 (1984).

Plaintiff knew that the reinspection fee was due annually, and that the contract was subject to automatic termination for failure to make the payments. Plaintiff admits it failed to pay for years 1981 and 1982. There is, therefore, no issue of material fact, and defendant is entitled to judgment as a matter of law. The trial court's entry of summary judgment is

Affirmed.

Judges WEBB and BECTON concur.