CUMBERLAND ASSOCIATES, PLAINTIFF v. SCOTTO'S PIZZA OF NORTH CAROLINA, INC., DEFENDANT

No. 8912DC287

(Filed 3 October 1989)

**Landlord and Tenant § 18— termination for nonpayment of rent— tendering of delinquent payment not timely**

The trial court properly entered summary judgment for plaintiff in an action to recover leased premises upon termination of a written lease for nonpayment of rent, and there was no merit to defendant's argument that it properly cured its default by tendering its delinquent rent payment within

CUMBERLAND ASSOCIATES v. SCOTTO'S PIZZA OF N.C.

[95 N.C. App. 753 (1989)]

15 days of receipt of notice of default, since the lease unam-
biguously stated that all notices provided for in the lease were
to be deemed as given when sent, and payment was not tendered
within 15 days after notice was mailed to defendant.

THIS is an action in summary ejectment pursuant to G.S. Sec-
tion 42-26(2) to recover possession of certain leased premises upon
termination of a written lease for nonpayment of rent. Summary
judgment was rendered in favor of plaintiff by *Keever (A. Elizabeth)*,
*Judge*, 21 October 1988 in District Court, CUMBERLAND County.
Heard in the Court of Appeals 21 September 1989.

The facts are not in dispute: Cumberland Associates is the
owner of Cross Creek Mall, Fayetteville, Cumberland County, North
Carolina. On 20 September 1985 Cumberland and defendant-appellant,
Scotto's Pizza of North Carolina, Inc. ("Scotto's") executed a Lease
Agreement (the "Lease") for a retail store facility (the "Premises")
for Scotto's at Cross Creek Mall. The Lease provided for a ten-
year term. Minimum rent and related charges were due under
the Lease on or before the first day of each month.

The Lease further provided in Paragraph 16 as follows:

If the Tenant shall continue in default in the payment of any
rental or other sum of money becoming due hereunder for
a period of fifteen (15) days after notice of such default has
been given to Tenant, . . . then in any such event the party
not in default shall have the right to terminate and cancel
this Lease Agreement.

With respect to notices, the Lease provided in paragraph 23
that: "All notices provided for in this Lease Agreement shall be
in writing and shall be deemed to be given when sent by prepaid,
registered or certified mail. . . ."

Scotto's failed to pay rent and related charges for the month
of August 1988 on or prior to the 1 August 1988 due date. By
reason of such failure, Scotto's was in default in the payment of
rental due under the Lease. Cumberland, by registered or certified
mail, gave written notice of default and demanded payment from
Scotto's within fifteen days from the date of the letter. Cumberland
further advised that it would terminate the Lease. Specifically,
Cumberland's default notice to Scotto's stated that:

As provided in paragraph 4(e) of the Lease, interest at twelve percent (12%) per annum will be due on the August 6, 1988 rents from the date they were due, August 1, 1988, until the date payment is received in our offices. In addition, a late charge of $118.80, equal to four percent (4%) of the monthly installment of Minimum Rental, will be due if the August rent is not received by August 10, 1988. Please be advised that we do not consider the date of the check or the date that the payment is mailed as the date of receipt.

Unless $4,409.43, all interest and any late charges are received by us within fifteen (15) days from the date of this notice, we intend to terminate your lease and pursue the further remedies of default as outlined in Paragraph 16 and elsewhere of the Lease.

The Lease further provided that payment be made to the landlord at its Charlotte, North Carolina address. On 18 August 1988, no payment for August having been made, Cumberland notified Scotto's in writing that the Lease had been terminated and demanded that Scotto's vacate the premises:

On August 2, 1988, we notified you that you are in default of the Lease Agreement between Cumberland Associates and Scotto's Pizza of North Carolina, Inc. for non-payment of August 1988 Guaranteed Minimum Rental and related charges. By reason of your failure to cure this default within the period of time provided by the Lease, notice is hereby given, pursuant to Paragraph 16 of the Lease, that the Landlord has elected to terminate the Lease, effective today.

You are hereby directed to quit and surrender the Premises immediately, leaving the same neat, clean and in good order, condition and state of repair.

On 23 August 1988 Cumberland received a check from Scotto's sublessee for the accrued rent. The check was dated 20 August 1988 and was in an envelope postmarked 22 August 1988. Cumberland immediately returned the check to the sublessee and indicated that the Lease had been terminated on 18 August 1988 by written notice to Scotto's.

On 23 August 1988 Cumberland filed this suit in Cumberland County Magistrate's Court for possession of the Premises. Judgment was rendered for the defendant in small claims court and

the plaintiff appealed to the District Court for trial *de novo*. Plaintiff moved for summary judgment. Summary judgment was granted, and defendant appeals.

*Rose, Ray, Winfrey & O'Connor, P.A., by Steven J. O'Connor, for plaintiff-appellee.*

*Jones and McGlothlin, by Larry J. McGlothlin, for defendant-appellant.*

LEWIS, Judge.

The entry of summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). Summary judgment should be looked upon with favor where no genuine issue of material fact is presented. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). We find no issue of material fact in this case.

Defendant argues that it properly cured its default by tendering its delinquent rent payment within fifteen days of receipt of Notice of Default. It argues that the fifteen-day time period did not begin to run until it received Notice of Default on 5 August 1988. However, paragraph 23 of the lease unambiguously states, "[a]ll notices provided for in this Lease Agreement shall be in writing and *shall be deemed to be given when sent. . . .*" (Emphasis added.)

Plaintiff mailed Notice of Default on 2 August 1988 by certified or registered mail. Defendant then had fifteen days from that date in which to mail its payment. "When the language of a written contract is plain and unambiguous, the contract must be interpreted as written and the parties are bound by its terms. . . ." *Five Oaks Homeowners' Assoc., Inc. v. Efirds Pest Control Co.*, 75 N.C. App. 635, 637, 331 S.E.2d 296, 298 (1985). Defendant concedes that payment was not made until after 18 August 1988. Therefore, payment was not timely and summary judgment was proper.

Affirmed.

Judges PHILLIPS and COZORT concur.