ATLANTIC AND EAST CAROLINA RAILWAY COMPANY, Plaintiff v. WHEATLY OIL
CO., INC., Defendant

No. COA03-515

(Filed 20 April 2004)

## 1. Parties— real party in interest—property leased and subleased

There was no issue of fact as to whether plaintiff was a real party in interest, and summary judgment was correctly granted for plaintiff, where plaintiff (Railway) had leased the property in question; Railway subleased the property to SOA, which sublet it to defendant; SOA obtained a judgment of possession against defendant; SOA's lease with Railway was terminated; and Railway demanded possession from defendant. Although defendant contended that Railway's original lease had expired and that it had no interest in the property, there was an agreement allowing Railway to continue in possession indefinitely. A tenant is estopped to deny title when the landlord's right to possession has not ceased.

## 2. Landlord and Tenant— ejectment—sublease rather than assignment—language of agreement

Plaintiff was not estopped from bringing a summary ejectment action based on defendant being an assignee rather than sublessor. Plaintiff (Railway) was the original long-term lessor, SOA was the original sublessee, and defendant (Wheatly) was the second sublessee. The plain language of the consent to sublease signed by Railway, SOA, and Wheatly states that Wheatly's right to use the property terminated upon the termination of the Railway/SOA lease, which happened before this action was brought. Moreover, SOA had obtained a judgment giving it the right of possession before its sublease was terminated.

## 3. Unjust Enrichment— termination of sublease agreement— no implied contract

The trial court correctly granted summary judgment for plaintiff on defendant's counterclaim for unjust enrichment in a summary judgment action. Unjust enrichment is based on an implied contract theory and does not apply if there is a contract between the parties, as here.

**4. Landlord and Tenant— betterments—claim of title required**

The trial court correctly granted summary judgment for plaintiff on defendant-tenant's counterclaim for betterments in a summary ejectment action. Defendant did not make a claim or showing of a reasonable belief of good title to the property, as required by N.C.G.S. § 1-340.

**5. Continuances— denied—discovery not material to claim**

A motion for a continuance for further discovery in an ejectment action was properly denied where the matter to be investigated did not affect defendant's right to the property.

**6. Appeal and Error— preservation of issues—failure to appeal order—cross-appeal proper**

Plaintiff's failure to appeal the trial court's order setting an appeal bond and staying execution waived the issue. A cross-assignment of error on this issue was not properly before the court; a cross-appeal would have been the proper method to raise these issues.

Appeal by defendant from order and judgment entered 2 December 2002 by Judge Benjamin G. Alford in the Superior Court in Carteret County. Heard in the Court of Appeals 17 March 2004.

*Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by James R. Sugg and Arey W. Grady, III, for the plaintiff-appellee.*

*Wheatly, Wheatly, Nobles, Weeks, Valentine & Lupton, P.A., by C. R. Wheatly, Jr. and C. R. Wheatly, III, for defendant-appellant.*

*Ward and Smith, P.A., by Frank H. Sheffield, Jr., for North Carolina Railroad Company, amicus curiae.*

HUDSON, Judge.

On 24 May 2002, Atlantic and East Carolina Railway ("Railway") filed a complaint seeking summary ejectment of Wheatly Oil Company, Inc. ("Wheatly") from property located at 2506 Arendall Street in Morehead City. Railway alleged that it owned a leasehold interest in the property, which it had sublet to Southern Outdoor Advertising, Inc. ("SOA"), which in turn had sublet the property to Wheatly. Railway alleged that as a result of the termination of the lease between it and SOA, and by virtue of a judgment entered in liti-

gation between Wheatly and SOA, Railway was entitled to be put in immediate possession of the property and Wheatly should be ejected.

On 18 July 2002, after Wheatly filed its answer and raised various defenses and counterclaims, Railway moved for summary judgment, filing supporting affidavits and memoranda of law. The court heard the motion 29 July 2002, and granted summary judgment to Railway 2 December 2002. Wheatly appeals. For the reasons discussed below, we affirm.

## Background

The property at issue here was originally leased by Railway's predecessor in interest under a lease which expired in 1994. On expiration of that lease, however, the owner of the property, the North Carolina Railroad Company ("NCRR"), specifically negotiated Railway's continued use and occupation of the property for an indefinite time. Railway then leased the property to SOA on 15 November 1984, with terms allowing SOA to renew the lease through 14 November 2014. Also on 15 November 1984, SOA sublet the property to Wheatly, with provisions that also extended through 14 November 2014. A Consent to Sublease ("consent contract") executed among Railway, SOA and Wheatly specified that Wheatly's "right to use [the property] shall terminate at all events upon the termination in any manner of [the Railway/SOA lease]."

In 1999, SOA sued Wheatly regarding the property, resulting in a judgment entered 17 October 2001 providing that Wheatly pay damages to SOA for unpaid rent, that SOA pay damages to Wheatly for unfair trade practices, and that SOA be put in possession of the property and Wheatly be removed from it. Neither party appealed. In late 2001, SOA terminated its lease with Railway, who subsequently demanded possession of the property. In November 2001, Wheatly tendered a rental payment to Railway, as specified under the lease between SOA and Railway. Railway refused payment, stating that SOA was a holdover tenant and that there was no privity between Wheatly and Railway. This action ensued.

## Analysis

The standard of review on appeal of a grant of summary judgment is well established:

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with

ATLANTIC & E. CAROLINA RY. CO. v. WHEATLEY OIL CO.

[163 N.C. App. 748 (2004)]

the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003) (emphasis added). A party moving for summary judgment satisfies its burden of proof (1) by showing an essential element of the opposing party's claim is nonexistent or cannot be proven, or (2) by showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Once the movant satisfies its burden of proof, the burden then shifts to the non-movant to set forth specific facts showing there is a genuine issue of material fact as to that essential element.

*Belcher v. Fleetwood Enters.*, 162 N.C. App. 80, 84-85, 590 S.E.2d 15, 18 (2004) (internal citations omitted).

**[1]** Wheatly first contends that the court erred in granting summary judgment because there was a genuine issue of material fact as to whether Railway was the real party in interest. We disagree.

Wheatly contends that Railway had no leasehold interest in the property because Railway's original lease with NCRR had expired in 1994. However, "[t]he general rule denies a tenant in possession any right to challenge his landlord's title to the property . . . ." *Turner v. Weber*, 16 N.C. App. 574, 579, 192 S.E.2d 601, 605 (1972), *cert. denied* 282 N.C. 584, 193 S.E.2d 747 (1974). Wheatly cites case law discussing an exception when a landlord's own title has ceased. *See Lassiter v. Stell*, 214 N.C. 391, 392, 199 S.E. 409, 410 (1938) ("While the rule that a tenant is estopped to deny the title of his landlord is too well settled to require citation of authority, this rule applies to the title of the landlord as it existed at the time he entered into the lease with the tenant under which the tenant entered the premises, and does not preclude the tenant from showing that during the tenancy the landlord's title had terminated or had been extinguished, and the former landlord was therefore without authority to maintain a proceeding in summary ejectment against his former tenant.") However, the record here contains affidavits filed by Railway's counsel and by the president of NCRR, stating that, by agreement of NCRR, Railway was entitled to continue in possession of the property indefinitely, until NCRR demanded its return. Thus, Railway's right to possession had not ceased and Wheatly was estopped from challenging its title.

**[2]** Wheatly next argues that it should have been granted summary judgment because it was an assignee rather than a sublessor, and that

Railway was thus estopped from bringing this ejectment action. For the reasons discussed below, we disagree.

Wheatly contends in its brief that because its sublease from SOA was co-terminus with the sublease between Railway and SOA, Wheatly was actually an assignee. *Krider v. Ramsay*, 79 N.C. 354, 357 (1878). "Where a lessee for a term of years parts with his whole term to a third party, it is called an assignment, and the assignee thereby becomes the tenant of the original lessor and subject to all the covenants in the lease, which run with the land, just as the lessee was. The privity of estate and privity of contract still subsist between the lessor and assignee, as it did between the lessor and lessee." *Id.* In *Krider*, the lessee surrendered its lease to the lessor (as here SOA surrendered its lease to Railway) and then the lessor attempted to take possession of the property from the sublessee. *Id.* at 356. The court held that the lessor could not, in these circumstances, eject the sublessee from the property. "A surrender is never allowed to operate injuriously upon the right of third parties, or to affect the estate of the underlessee." *Id.* at 358. The facts here, however, differ from those in *Krider* in two important respects which make that case inapplicable.

First, the Consent to Sublease signed by Railway, SOA and Wheatly clearly and explicitly states that Wheatly's "right to use [the property] shall terminate at all events upon the termination in any manner of [the Railway/SOA lease]." Thus, the plain language of the consent contract specifies that Wheatly's right to the property cannot continue after SOA's lease is ended *for any reason*. At the moment that SOA surrendered its lease, Wheatly's right to possession of the property ended. In *Knight*, the Court stated, "[i]t was the fault of the lessor in making the lease to Dyson that he did not insert a covenant against underletting, and in accepting the surrender of the lease; it was again his fault that *he made no provision to meet a contingency like this.*" *Id.* at 359 (emphasis added). In the consent contract here, however, Railway did provide to meet the contingency in which SOA terminated its sublease before the end of SOA's sublease to Wheatly. "When the language of a written contract is plain and unambiguous, the contract must be interpreted as written and the parties are bound by its terms." *Five Oaks Homeowners Asso. v. Efirds Pest Control Co.*, 75 N.C. App. 635, 637, 331 S.E.2d 296, 298 (1985).

Second, before SOA surrendered its sublease to Railway, the property had already been the subject of a lawsuit between SOA and

Wheatly, in which SOA had obtained a final judgment entitling it to possession of the property. *See Southern Outdoor Advertising, Inc. v. Wheatly Oil Co.*, No. 99 CVS 748 (Carteret County Superior Court) (17 October 2001) ("the Court, having determined that [SOA] were entitled to a directed verdict in its favor in which [SOA] were entitled to recover from [Wheatly] possession [of the property]. . . . [Thus, it is ordered that Wheatly] be removed from and [SOA] be put in possession of the [property].") Wheatly asserts that the judgment is somehow ambiguous because it awarded possession of the property and arrearages in rent to SOA, and also awarded money damages to Wheatly in excess of the rental arrearages amount. Wheatly contends that this purported ambiguity would allow this Court to construe the judgment in a manner which would allow Wheatly to maintain possession of the property. We disagree, finding nothing ambiguous about the judgment and its award of possession of the property to SOA over Wheatly.

[3] Wheatly next argues that the court erred in failing to allow its counterclaim for betterments and unjust enrichment against Railway. We disagree, finding no error in the court's judgment.

The doctrine of unjust enrichment is based on "quasi-contract" or contract "implied in law" and thus will not apply here where a contract exists between two parties. *Delta Envtl. Consultants, Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165, 510 S.E.2d 690, 694, *disc. review denied* 350 N.C. 379, 536 S.E.2d 70 (1999) ("It is well established that if there is a contract between the parties, the contract governs the claim and the law will not imply a contract. . . . [in such cases] an action for breach of contract, rather than unjust enrichment, is the proper cause of action") (internal citations and quotation marks omitted). The Consent to Sublease signed by all parties states that Wheatly agrees to be bound by any and all provisions contained in the sublease between SOA and Railway. The agreement between SOA and Railway specifically provides that if SOA's lease were terminated for any reason, it would remove any and all improvements placed on the property. Thus, SOA would not be permitted to receive compensation for any improvements made to property, and Wheatly, in turn, is also barred from seeking any such compensation.

[4] Wheatly's claim for betterments likewise fails based on its status as a tenant. "To be entitled to compensation for betterments under N.C. Gen. Stat. § 1-340, defendant must show that he made permanent improvements on the property under a bona fide, reasonable belief of

good title." *Hackett v. Hackett*, 31 N.C. App. 217, 220, 228 S.E.2d 758, 760, *cert. denied* 291 N.C. 448, 230 S.E.2d 765 (1976). Here, Wheatly is a tenant, and has made no claim or showing of a reasonable belief that it had good title to the property.

**[5]** Wheatly also argues that the court erred in denying its motion for a continuance to allow for further discovery. Because we find no abuse of discretion by the court, we disagree and overrule these assignments of error.

"[C]ontinuances are not favored and the party seeking [one] has the burden of showing sufficient grounds for it." *Peace River Elec. Coop. v. Ward Transformer Co.*, 116 N.C. App. 493, 511, 449 S.E.2d 202, 215 (1994), *disc. review denied* 339 N.C. 739, 454 S.E.2d 655 (1995). "[T]he question of whether or not to grant a continuance is a matter solely within the discretion of the trial court; absent a manifest abuse of discretion, this Court will not disturb the decision made below." *Id.* Wheatly sought a continuance in order to further investigate the relationship between Railway and NCRR. As discussed previously, the relationship between Railway and NCRR does not effect Wheatly's right or lack of right to the property. Thus, we find no manifest abuse of discretion.

**[6]** Railway cross assigns as error the setting of an appeal bond in this matter, in an order entered 2 January 2003, which also stayed execution pending appeal. Railway did not appeal from this order. Thus, this cross-assignment is not properly before the Court. *See Capitola, LLC v. Triangle Labs., Inc.*, 144 N.C. App. 212, 219, 550 S.E.2d 31, 36 (2001) ("Plaintiff cross-assigns error to the trial court's order staying execution of the judgment pending appeal. Plaintiff's arguments concerning its cross-assignment of error are reasons the trial court erred in staying execution of the judgment and those reasons do not provide an alternative basis in law for supporting the judgment. The proper method to raise these arguments would have been a cross-appeal. Accordingly, Plaintiff's failure to appeal the trial court's order waives this Court's consideration of the matter on appeal") (internal quotation marks and citations omitted). Based on *Capitola*, we conclude that Railway has waived this issue by not appealing the order.

## Conclusion

For the reasons stated above, we find no error in the grant of summary judgment in favor of Railway, and overrule as waived the cross-assignment of error brought by Railway.

Affirmed.

Judges MARTIN and GEER concur.