G. C. EFIRD AND MARY EFIRD v. O. J. SIKES AND G. H. MORTON.

(Filed 23 May, 1934.)

**Limitation of Actions B b—Held: fiduciary relationship existed between parties, and statute did not begin to run until demand and refusal.**

Defendants, as plaintiffs' attorneys, negotiated certain notes executed by plaintiffs to a bank, received the proceeds and disbursed a part thereof in payment of plaintiff's debts as directed by plaintiffs, but failed to account to plaintiffs for the balance. Plaintiffs instituted this action

to recover the balance due more than three years after defendants had obtained the funds, and defendants pleaded the three-year statute of limitation, C. S., 441(1). It appeared that the action was instituted within three years from the date plaintiffs demanded settlement: *Held*, the action was not barred, there being a fiduciary relationship between the parties, and the statute not beginning to run until after demand and refusal.

APPEAL by plaintiffs from *Sink, J.,* at February Term, 1934, of STANLY. Reversed.

This is an action to recover the balance due by defendants to the plaintiffs, on an accounting for the proceeds of certain notes negotiated by the defendants, as attorneys for the plaintiffs, on or about 17 January, 1929. The action was begun on 7 April, 1932. The defendants relied for their defense on their plea that the action was barred by the three-year statute of limitations.

The evidence offered by the plaintiffs tended to show that on 17 January, 1929, the plaintiffs executed and delivered to the defendants, who are attorneys at law, two notes, one for the sum of $2,000, payable to the order of the First National Bank of Albemarle, N. C., and the other for the sum of $500.00, payable to the order of the defendants. Both notes were secured by a deed of trust, which was executed by the plaintiffs to the defendant, O. J. Sikes, as trustee. The defendants negotiated both notes to the First National Bank of Albemarle, N. C., and received from said bank, as attorneys for the plaintiff, the sum of $2,500. As directed by the plaintiffs, the defendants applied the sum of $1,875 to the payment of certain debts due by the plaintiffs. They have not accounted to the plaintiffs for the balance of the proceeds of said notes. No demand for such accounting was made by the plaintiffs, until the commencement of this action.

At the close of the evidence for the plaintiffs, the defendants moved for judgment as of nonsuit. The motion was allowed.

From judgment dismissing the action, the plaintiffs appealed to the Supreme Court.

*Bogle & Bogle for plaintiffs.*
*D. D. Smith and R. L. Smith & Sons for defendants.*

CONNOR, J. The defendants offered no evidence at the trial of this action, but relied on their contention that it appeared from the evidence offered by the plaintiffs, that more than three years had elapsed since the cause of action accrued, and for that reason, the action was barred by the statute of limitations. C. S., 441(1). The evidence, however, showed that the defendants received the proceeds of the notes executed

by the plaintiffs, and delivered to them, as attorneys for the plaintiffs, and that the action was commenced within three years from the date on which the plaintiffs demanded a settlement.

It is well settled that where a fiduciary relation exists between the parties, with respect to money due by one to the other, the statute of limitations does not begin to run until a demand and refusal. *Egerton v. Logan,* 81 N. C., 172. See McIntosh N. C. Prac. & Pro., p. 130, and cases cited in support of the text to that effect. There was error in the judgment. For that reason, the judgment is

Reversed.