EDWARD J. GLOVER, JR., Plaintiff v. FIRST UNION NATIONAL BANK OF NORTH CAROLINA and FIRST UNION NATIONAL BANK OF NORTH CAROLINA, TRUSTEE OF THE RETIREMENT PLAN AND TRUST FOR EMPLOYEES OF FIRST UNION NATIONAL BANK OF NORTH CAROLINA AND ITS AFFILIATED COMPANIES, Defendants

No. 9216SC169

(Filed 6 April 1993)

1. **Contracts § 50 (NCI4th) — merger agreement between banks — employee retirement fund provisions — ambiguity — summary judgment inappropriate**

    The merger agreement executed between Scottish Bank, which first employed plaintiff, and First Union was ambiguous and unclear and therefore did not establish as a matter of law that former employees of Scottish Bank were entitled to receive retirement benefits under the First Union Plan based upon total years of service to both Scottish Bank and First Union, as well as their accrued benefits under the previously existing Scottish Bank Plan, and the trial court therefore erred in entering summary judgment for plaintiff.

    **Am Jur 2d, Contracts §§240 et seq.; Building and Construction Contracts §§ 8 et seq.**

2. **Limitations, Repose, and Laches § 58 (NCI4th)— action to recover additional retirement benefits—accrual of cause of action—time of bank mergers or time of retirement—action within three years of retirement timely**

   Plaintiff's action to recover certain additional retirement benefits was not barred by the three-year statute of limitations since plaintiff did not become eligible for retirement benefits until his retirement on 31 October 1988; until that date he was not entitled to demand and could not be injured by a refusal of the retirement benefits which he claimed; the alleged breach therefore could not have occurred until plaintiff's retirement; plaintiff was therefore not at liberty to sue at any time prior to his retirement; and plaintiff brought this action within three years of defendants' refusal of his demand for benefits.

**Am Jur 2d, Limitation of Actions §§ 127, 128.**

Appeal by defendants from partial summary judgment entered 13 May 1991 and final judgment entered 26 September 1991 by Judge E. Lynn Johnson in Robeson County Superior Court. Heard in the Court of Appeals 13 January 1993.

Plaintiff, Edward J. Glover, Jr., brought this civil action seeking the recovery of certain additional retirement benefits to which he claims he is entitled pursuant to a 1963 merger agreement between First Union National Bank of North Carolina and The Scottish Bank in Lumberton, North Carolina. The record establishes the following pertinent facts: Plaintiff became an employee of The Scottish Bank in Lumberton, North Carolina (hereinafter "Scottish Bank") on 14 February 1955. On or about 20 September 1963, the Scottish Bank merged into First Union National Bank of North Carolina (hereinafter "First Union"). After the merger, plaintiff continued as an employee of First Union until his retirement on 31 October 1988.

At the time of the merger, the Scottish Bank had a profit sharing plan and trust (hereinafter "Scottish Bank Plan") under which plaintiff was a covered participant. First Union also had a Pension Plan and Trust (hereinafter "First Union Plan"). Section 11 of the Merger Agreement between the banks provided as follows:

   All employees of SB [Scottish Bank] under the age of 65 years on the effective date of the merger and who would

otherwise qualify under the requirements for qualifications in the pension Plan of FUNB [First Union] shall become participants in the Pension Plan of FUNB. All employees of SB regardless of age on the effective date of the merger and who would otherwise qualify under the requirements for qualification in the Profit Sharing Plan of FUNB shall become participants in the Profit Sharing Plan of FUNB. Past service with SB shall be considered past service with FUNB in determining eligibility and benefits under both plans of FUNB. In determining allocation of any contribution to FUNB's Profit Sharing Plan for the year in which falls the effective date of the merger, only compensation paid by FUNB shall be given consideration.

SB has an existing Profit Sharing Plan copy of which has been initialed by the signatories hereto for identification which on the effective date of the merger shall become 100% vested in its then participants. The accounts of the participants of this Plan under the age of 65 years shall be operated in conjunction with the Pension Plan of FUNB, provided, however, that the participants in the Profit Sharing Plan of SB shall be entitled to all benefits provided by the Pension Plan of FUNB, which shall in no case be less than provided by, and vested interest resulting from, the Profit Sharing Plan of SB, but adjusted to provide the greater of the said plans. Although the Profit Sharing Plan of SB shall be operated in conjunction with the Pension Plan of FUNB the trust conferred by the SB Plan shall continue and remain inviolate, except as amended hereby, and separate records shall be maintained for these accounts so that at all times it will be possible to determine the accounts of each participant in the Profit Sharing Plan of SB together with appropriate accruals thereto.

Upon termination of employment for any reason the former participants under the Profit Sharing Plan of SB shall have the same rights as to benefits and payments thereof as are prescribed in the Pension Plan of FUNB. Provided, however, that with respect to their vested interest resulting from former participation in the Profit Sharing Plan of SB they shall have the right to payment of such vested interest in accordance with the provisions of the plan.

The account of any participant in the Profit Sharing Plan of SB who is age 65 or over on the effective date of the merger shall be segregated and held for the benefit of such participant and subject to his direction as to distribution.

The provisions of this Section shall be subject to the approval of the United States Internal Revenue Service. (Emphasis added.)

When plaintiff retired on 31 October 1988, defendants computed his retirement benefit by comparing his Scottish Bank Plan balance (for which First Union maintained a separate accounting record) with the value or cost of "funding" the equivalent amount for plaintiff's service for the Scottish Bank under the First Union Plan. Defendants determined the value of plaintiff's 8.4167 years of Scottish Bank service in the First Union Plan to be $32,647.60 and under the Scottish Bank Plan balance to be $28,315.33. Thus, because the value or cost of funding plaintiff's Scottish Bank service in the First Union Plan exceeded his Scottish Bank Plan balance, defendants paid plaintiff $32,647.60 in addition to $139,300.70 (which represented plaintiff's 25.4166 years at First Union) for a total retirement benefit of $171,948.30. Plaintiff elected to receive that amount as a lump sum benefit and then filed this action contending that according to the language of Section 11 of the Merger Agreement, he was also entitled to receive the benefits and vested interest which he had accumulated under the Scottish Bank Plan prior to the merger. Defendants answered, contending that Section 11 of the Merger Agreement clearly defines plaintiff's retirement benefit and that the $171,948.30 payment to plaintiff represented the full amount due him upon his retirement. The trial court granted plaintiff's motion for summary judgment on the issue of liability and, following additional evidentiary hearings, entered judgment for plaintiff on 26 September 1991 in the amount of $38,754.00 plus interest and attorneys' fees. Defendants appealed.

*McLean, Stacy, Henry & McLean, P.A., by William S. McLean, for plaintiff-appellee.*

*Tharrington, Smith & Hargrove, by Randall M. Roden, for defendant-appellants.*

MARTIN, Judge.

[1] The dispositive issue on appeal is whether the Merger Agreement executed between Scottish Bank and First Union is so clear

GLOVER v. FIRST UNION NATIONAL BANK

[109 N.C. App. 451 (1993)]

and unambiguous as to establish, as a matter of law, that former employees of Scottish Bank are entitled to receive retirement benefits under the First Union Plan based upon total years of service to both Scottish Bank and First Union, as well as their accrued benefits under the previously existing Scottish Bank Plan. We conclude that the Merger Agreement is ambiguous and unclear as to this point, requiring resolution of the issue by the fact finder rather than by summary judgment. Accordingly, we must vacate the trial court's judgments and remand this case for trial.

[2] Preliminarily, we consider defendants' contention that plaintiff's claim is barred by the statute of limitations. Defendants asserted as an affirmative defense that the acts giving rise to plaintiff's claim occurred at the time of the merger between the Scottish Bank and First Union in 1963 when the Merger Agreement became effective and the Scottish Bank Plan was terminated, or in any event, no later than 1 September 1968, when defendants executed another document which merged the Scottish Bank Plan funds into the First Union Plan funds. Thus, defendants contend that plaintiff's action is barred by the applicable three-year statute of limitations.

The statute of limitations for an action for breach of contract is three years from the accrual of the cause of action. N.C. Gen. Stat. § 1-52(1). The statute begins to run on the date the promise is broken. *Penley v. Penley*, 314 N.C. 1, 332 S.E.2d 51 (1985). In no event can the limitations period begin to run until the injured party is at liberty to sue. *Id.; Wheeless v. Insurance Co.*, 11 N.C. App. 348, 181 S.E.2d 144 (1971). Additionally, "[i]t is well settled that where a fiduciary relation exists between the parties, with respect to money due by one to the other, the statute of limitations does not begin to run until there has been a demand and refusal." *Efird v. Sikes*, 206 N.C. 560, 562, 174 S.E. 513, 513-14 (1934).

Here, plaintiff did not become eligible for retirement benefits until his retirement on 31 October 1988. Accordingly, until that date he was not entitled to demand and could not be injured by a refusal of the retirement benefits which he claims. Since defendants' performance under the Merger Agreement could not take place until plaintiff retired; the alleged breach could not have occurred until that time, and plaintiff was therefore not at liberty to sue at any time prior to his retirement. Because plaintiff brought this action within three years of defendants' refusal of his demand

for benefits under the Scottish Bank Plan, his action is not barred by the statute of limitations.

The central issue presented in this case is whether the language of Section 11 of the Merger Agreement so clearly establishes that defendants intended to pay plaintiff benefits under the First Union Plan based upon his service at both institutions, and in addition, separate benefits which had accrued under the Scottish Bank Plan, as to entitle him to judgment as a matter of law. We conclude that the merger agreement does not clearly establish plaintiff's position and that genuine issues of material fact exist precluding summary judgment.

A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56; *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987); *International Paper Co. v. Corporex Constrs.*, 96 N.C. App. 312, 385 S.E.2d 553 (1989). Summary judgment is a drastic measure which should be used with caution. *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). All evidence before the court must be construed in the light most favorable to the non-moving party, and the slightest doubt as to the facts entitles the non-moving party to a trial. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E.2d 287 (1978).

A court's primary purpose in interpreting a contract is to ascertain the intention of the parties. *International Paper Co., supra.* If a contract is plain and unambiguous on its face the court may interpret it as a matter of law, but where it is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the jury. *Id.* An ambiguity exists where the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties. *St. Paul Fire & Marine Ins. v. Freeman-White Assoc.*, 322 N.C. 77, 366 S.E.2d 480 (1988). "The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous." *Id.* at 83, 366 S.E.2d 484.

Plaintiff's claims are based upon the language in the third paragraph of Section 11, stating that "with respect to their vested interest resulting from former participation in the profit sharing plan of SB [Scottish Bank] they shall have the right to payment

## GLOVER v. FIRST UNION NATIONAL BANK

[109 N.C. App. 451 (1993)]

of such vested interest in accordance with the provisions of the plan," and upon the proposition that the words "termination of employment for any reason," clearly includes retirement. Therefore, plaintiff asserts the language was insurance that the Scottish Bank employees would have the right to payment of their vested interest in the Scottish Bank Plan in addition to the benefits paid to them under the First Union Plan (which were based upon total years of service with both First Union and Scottish Bank) regardless of the reason for termination.

Defendants respond that the third paragraph of Section 11 quoted above does not address the issue of retirement benefits upon termination of employment. Rather, defendants contend that the purpose of the third paragraph of Section 11 is to specify the employee's right to payment if his employment is terminated for any other reason prior to retirement, while the second paragraph of Section 11 describes the benefits to which a participant in the Scottish Bank Plan would be entitled upon retirement from First Union. Thus, defendants argue that the trial court misconstrued the third paragraph of Section 11 to be a separate and unconditional requirement to pay the employee his vested interest in the Scottish Bank Plan upon retirement.

Defendants argue further that the plain language of the second paragraph of Section 11 of the Merger Agreement bars plaintiff's claim that he is entitled to retirement benefits under both the First Union Plan and the Scottish Bank Plan as that language provides that benefits shall be "adjusted to provide the greater of said plans." Thus, defendants contend that the express language of the Merger Agreement guarantees that as participants in the First Union Plan, the former Scottish Bank employees would be entitled to a payment of benefits that would be equal to or exceed the vested interest they had acquired in the Scottish Bank Plan.

In response, plaintiff argues that the failure to provide a formula for calculation of the Scottish Bank benefits in either the Merger Agreement or the First Union Plan is evidence that all parties reasonably interpreted the Merger Agreement as recognizing separate and inviolate trusts on behalf of Scottish Bank employees, and that the First Union Plan is an additional benefit for the vested employees of the Scottish Bank.

Finally, plaintiff asserts that "adjusted to provide the greater of the said plans" was inserted to address the First Union pension plan provision that an employee terminated during his first ten years of employment had zero vested rights. Plaintiff states that a bank such as Scottish Bank may have a large number of employees without ten years of service at any given point in time. Thus, argues plaintiff, this provision insured that all such employees were to receive their Scottish Bank account even though they might not be entitled to any additional First Union benefit because they had worked for less than ten years.

In this case, we believe that the language from Section 11 of the Merger Agreement quoted previously creates an ambiguity as to the true intention of the parties. As demonstrated by the parties' dispute, the language of the Merger Agreement is fairly and reasonably susceptible to either of the constructions asserted. Based upon the contract language alone, we cannot say that as a matter of law defendants owed plaintiff his accumulated retirement benefits under the Scottish Bank Plan in addition to the benefits paid to him under the First Union Plan which included credit for his years of service with the Scottish Bank. Nor can we say as a matter of law that plaintiff is entitled to recover only under the First Union Plan. While there may be evidence in the record to support both parties contentions, ambiguities in contracts must be resolved by a trier of fact upon consideration of a range of factors including the expressions used, the subject matter, the end in view, the purpose and the situation of the parties. *International Paper Co. supra; Silver v. Board of Transportation*, 47 N.C. 261, 267 S.E.2d 49 (1980).

In summary, we conclude that the language in the Merger Agreement is ambiguous as to the parties' intent regarding the benefits to which former Scottish Bank employees are entitled upon their retirement from First Union. Thus, the trial court's finding as a matter of law that defendants were liable to plaintiff under both the Scottish Bank Plan and the First Union Plan was error. In order to resolve this ambiguity, we must remand this case for trial. Because we vacate the judgments, we do not deem it necessary to address defendants' assignments of error relating to the award of attorneys' fees.

ABERNETHY v. TOWN OF BOONE BD. OF ADJUSTMENT

[109 N.C. App. 459 (1993)]

The partial summary judgment and final judgment are vacated, and this case is remanded to the Superior Court for further proceedings consistent with this opinion.

Vacated and Remanded.

Judges JOHNSON and GREENE concur.