BARRETT KAYS & ASSOCIATES, P.A., Plaintiff v. COLONIAL BUILDING COMPANY, INC. OF RALEIGH, and EDD K. ROBERTS, Defendants

No. COA97-884

(Filed 19 May 1998)

1. Contracts § 48 (NCI4th)— type of payment—not ambiguous

The trial court correctly submitted only the damages issue to the jury in a contract action arising from engineering, planning, and landscape-architectural services in a subdivision development where defendants contended that the contracts were ambiguous because they could be interpreted as creating "lump sum contracts" or as creating "open ended contracts" with the work being billed at an hourly rate but both contracts were unambiguous as to payment terms. The language specifically stated that services would be provided on the basis of an hourly fee plus expenses, with no mention of a lump sum, although both contained estimates.

2. Quasi Contracts and Restitution § 13 (NCI4th)— real estate development services—express contract—quantum meruit claim precluded

A *quantum meruit* claim for engineering, planning, and landscaping-architectural services in a subdivision development was not appropriate where an express contract existed.

3. Judgments § 649 (NCI4th)— breach of contract—interest—agreement

The trial court erred in assessing prejudgment interest at the legal rate of eight percent in an action for breach of contract arising from subdivision development services where the contracts provided that an interest rate of 1.5 percent per month would be assessed on past due accounts. Because there was no specific agreement that the agreed interest rate would apply post-judgment, it follows that the agreed rate of interest must be applied prejudgment and that the legal rate of interest must apply post-judgment. N.C.G.S. § 24-5.

4. Costs § 37 (NCI4th)— breach of contract—attorney fees— no award—no abuse of discretion

The trial court did not abuse its discretion by not awarding attorney fees in an action for breach of contract for subdivision

development services where it found as a fact that there was no unreasonable refusal to resolve the dispute. N.C.G.S. § 44A-35 does not mandate that the trial court award attorneys' fees, but instead places the award within the trial court's discretion.

Appeal by defendants from judgment filed 6 November 1996 and from orders filed 12 December 1996, and cross appeal by plaintiff from order filed 12 December 1996 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 17 March 1998.

*Moore & Van Allen, PLLC, by Lewis A. Cheek and Joseph H. Nanney, Jr., for plaintiff appellant.*

*James M. Kimsey, for defendants appellants.*

GREENE, Judge.

Colonial Building Company, Inc. and Edd K. Roberts (president and principal shareholder of Colonial Building Company, Inc.) (collectively, defendants) appeal from a jury verdict awarding Barrett Kays & Associates, P.A. (plaintiff) $103,392.00. The plaintiff cross appeals from orders denying their motion for attorneys' fees and calculating the amount of interest due on the judgment.

The facts are as follows: The plaintiff is engaged in the business of providing engineering, land planning, and landscape-architectural services and the defendants are land developers specializing in residential homes. In the 1980's, the defendants developed the Broadlands subdivision in Raleigh, North Carolina. The work was to be completed in five phases, but only three of the phases were finished. The defendants had originally received approval for construction of the remaining two phases from the City of Raleigh, but the approval expired when the work was not completed in the allotted time.

The defendant and the plaintiff entered into two written letter agreements, dated 31 March 1992 and 9 April 1992, for the plaintiff to perform engineering and planning services in order to obtain approval to develop the land for the remaining phases. Both agreements stated that the plaintiff "will provide the above described services on an hourly fee rate basis, plus reimbursable expenses, according to the attached fee rate schedule. We will invoice you monthly over progress of work." In addition to this language, both

BARRETT KAYS & ASSOC. v. COLONIAL BUILDING CO.

[129 N.C. App. 525 (1998)]

agreements gave estimates of the cost of the services but also qualified the estimates by stating that "[i]t may cost more than this depending upon the specific requirements . . . ." The March agreement stated that the services would cost "at least $4,000.00" and the April agreement stated that the services would cost "at least $9,900.00." Defendant Edd K. Roberts acknowledged receiving a letter from the plaintiff which informed him that the costs were exceeding the initial estimates. The defendants did not ask the plaintiff to stop working on the plans even though they received monthly invoices for the work completed.

The two written agreements also contained identical language concerning the time of payment and the interest to be charged for past due accounts. "Payment of each invoice will be due within fifteen days of the invoice date. Past due amounts will be assessed a carrying charge of 1.5 percent per month."

The plaintiff filed a Claim of Lien on 10 February 1993. They subsequently initiated this lawsuit to perfect and enforce the lien and to recover their fees. At trial, the trial court ruled as a matter of law that the March 1992 and April 1992 contracts were not ambiguous and only submitted the question of damages to the jury. The jury established damages at $103,392.00 and the trial court entered a judgment consistent with that award. In its order, the trial court declined "to find that there was an unreasonable refusal by the [d]efendants to fully resolve the matter which constituted the basis of the suit, and therefore . . . [plaintiff is] not entitled to recover attorneys' fees pursuant to N.C.G.S. § 44A-35." The trial court assessed the rate of pre-judgment and post-judgment interest at the legal rate of 8 percent.

The issues presented are whether: (I) the price estimates in the contract caused the contract to be ambiguous; (II) the pre-judgment interest at the contractual rate was enforceable; and (III) the trial court abused its discretion in denying the plaintiff's request for attorneys' fees.

We first note that the defendants argue in their brief that the motions for relief from judgment and directed verdict as to the individual defendant, Edd K. Roberts, should have been granted. We decline to address these issues, however, because the defendants did not give notice of appeal from the order denying those motions. N.C.R. App. P. 3(d); *Johnson & Laughlin, Inc. v. Hostetler*, 101 N.C. App. 543, 546, 400 S.E.2d 80, 82 (1991).

BARRETT KAYS & ASSOC. v. COLONIAL BUILDING CO.

[129 N.C. App. 525 (1998)]

I

**[1]** An ambiguity exists in a contract if the "language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties." *Bicket v. McLean Securities, Inc.*, 124 N.C. App. 548, 553, 478 S.E.2d 518, 521 (1996) (quoting *Glover v. First Union National Bank*, 109 N.C. App. 451, 456, 428 S.E.2d 206, 209 (1993)), *disc. review denied*, 346 N.C. 275, 487 S.E.2d 538 (1997). In other words, a contract is ambiguous when the "writing leaves it uncertain as to what the agreement was . . . ." *International Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 317, 385 S.E.2d 553, 556 (1989). "When an agreement is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the jury." *Id.* When a contract is free from ambiguity, however, the trial court determines its meaning as a matter of law. *Id.* Appellate review of a trial court's determination of whether a contract is ambiguous is *de novo*. *Bicket*, 124 N.C. App. at 553, 478 S.E.2d at 521.

In this case, the defendants contend that the contracts were ambiguous and therefore should have been submitted to the jury for interpretation. They argue that the contracts are ambiguous because two possible interpretations exist as to the meaning of the language. According to the defendants, the contracts could be interpreted as creating "lump-sum contracts" because specific estimates were given or as creating "open-ended contracts" with the work being billed at an hourly rate.

In this case, both contracts are unambiguous as to the payment terms. The language specifically stated that the plaintiff "will provide the above described services on an hourly fee rate basis, plus reimbursable expenses . . . ." There is no mention of a "lump-sum" payment of $4,000.00 or $9,900.00 in either contract. While both contracts did contain estimates, both also contained qualifying language which expressly stated that the work "may cost more depending on the specific requirements" of the City of Raleigh and the agencies.[1] The trial court thus correctly submitted only the damages issue to the jury.

---

1. We acknowledge that the charges in the invoices submitted by the plaintiffs were significantly more than the estimates set forth in the March 1992 and April 1992 contracts. This discrepancy, however, does not render the contracts ambiguous. Whether such significant discrepancies between an estimate and the actual cost of the project can support an action for fraud or misrepresentation is not an issue raised in this appeal and we need not address it.

**[2]** The defendants further argue that the trial court erred in granting partial summary judgment as to their claim for *quantum meruit*. Because an express contract existed, *quantum meruit* was not appropriate. *See Whitfield v. Gilchrist*, 348 N.C. 39, ——, S.E.2d —— (1998).

## II

**[3]** N.C. Gen. Stat. § 24-5 sets forth how interest is to be calculated when there is a breach of contract. It states as follows:

> (a) Contracts.— In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach. The fact finder in an action for breach of contract shall distinguish the principal from the interest in the award, and the judgment shall provide that the principal amount bears interest until the judgment is satisfied. If the parties have agreed in the contract that the contract rate shall apply after judgment then interest on an award in a contract action shall be at the contract rate after judgment, otherwise it shall be at the legal rate; . . . .

N.C.G.S. § 24-5 (1991). Thus, as a general proposition in an action for breach of contract, the principal amount awarded is to bear interest "from the date of the breach . . . until the judgment is satisfied." *Id.* Interest is to be assessed at the legal rate of 8 percent, *id.*; N.C.G.S. § 24-1 (Supp. 1997), unless the parties have provided otherwise by agreement, in which event the agreement shall prevail. N.C.G.S. § 24-5; *Members Interior Construction v. Leader Construction Co.*, 124 N.C. App. 121, 125, 476 S.E.2d 399, 402 (1996) (applying section 24-5 to pre-judgment interest), *disc. review denied*, 345 N.C. 754, 485 S.E.2d 56 (1997). Thus, the parties may by agreement set the rate of interest to be applied in a breach of contract action but this agreement is controlling with respect to post-judgment interest only if the agreement specifically states that the interest rate is to apply post-judgment. In the absence of such specific language, the agreed to rate shall apply only pre-judgment and the legal rate shall apply post-judgment.

In this case, both contracts provide that an interest rate of 1.5 percent per month will be assessed on past due accounts. There is no specific agreement that the agreed interest will apply post-judgment. It thus follows that the agreed rate of interest, 1.5 percent per month, must be applied pre-judgment and that the legal rate of interest must

apply post-judgment. The trial court thus erred in assessing pre-judgment interest at the legal rate of 8 percent, and this case must be remanded for the assessment of pre-judgment interest at 1.5 percent per month.

**[4]** N.C. Gen. Stat. § 44A-35 states that:

[T]he presiding judge *may allow* a reasonable attorneys' fee to the attorney representing the prevailing party. This attorneys' fee is to be taxed as part of the court costs and be payable by the losing party upon a finding that there was an unreasonable refusal by the losing party to fully resolve the matter which constituted the basis of the suit . . . .

N.C.G.S. § 44A-35 (1995) (emphasis added). The statute does not mandate that the trial court award attorneys' fees, but instead places the award within the trial court's discretion. In this case the trial court found as a fact that there was no unreasonable refusal to resolve this dispute and we discern no abuse of discretion in that determination. The decision to not award attorneys' fees is therefore affirmed.

Affirmed in part, reversed in part, and remanded.

Judges WALKER and TIMMONS-GOODSON concur.