TELERENT LEASING CORP., D/B/A VENDOR CAPITAL GROUP, PLAINTIFF v.
MORDECHAI BOAZIZ, DEFENDANT

No. COA09-171

(Filed 3 November 2009)

**1. Guaranty— motion for directed verdict—motion for judgment notwithstanding verdict—co-lessee**

The trial court did not err in an action seeking recovery for lease defaults by denying defendant's motions for directed verdict and JNOV where defendant signed an agreement as an officer of the LLCs and also as co-lessee. The meaning of co-lessee was to be determined by the jury and when an individual signs an instrument in a representative capacity and in a personal capacity, the individual is personally liable on the contract.

**2. Appeal and Error— preservation of issues—failure to object—motion in limine**

Defendant did not preserve for appeal an evidence issue concerning a bankruptcy proceeding where defendant did not object below and used the challenged document when questioning a witness.

**3. Costs— attorney fees—fifteen percent cap**

By awarding $92,208.76 in attorney fees on a $421,680.67 verdict, the trial court did not violate the fifteen percent cap mandated by N.C.G.S. § 6-21.2 because the balance of the debt collected in both the current action and the reasonably related Kansas bankruptcy proceeding was $724,315.67, making the trial court's award well below the statutory ceiling.

Appeal by defendant from judgment and orders entered 15 August 2008 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 2 September 2009.

*Wyrick Robbins Yates & Ponton, LLP, by Hon. K. Edward Greene and Tobias S. Hampson, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P.A., by Michael T. Medford and William S. Cherry, III, for defendant-appellant.*

JACKSON, Judge.

Defendant Mordechai Boaziz ("defendant") appeals the 15 August 2008 judgment in favor of plaintiff Telerent Leasing Corp. d/b/a Vendor Capital Group ("plaintiff"), the 15 August 2008 order denying his motion for judgment notwithstanding the verdict, and the 15 August 2008 order granting plaintiff's motion for costs and legal fees. For the reasons stated herein, we hold no error.

Defendant, through three separate limited liability companies (LLCs), owned or partially owned three hotels in Wichita, Kansas. In mid-July 2001 through August 2001, each LLC entered into a separate Master Lease Agreement and related Equipment Schedule (collectively "Agreements") with plaintiff for electronic equipment used by the hotels, such as TVs, electronic locks, and telephone systems. Plaintiff understood that defendant was a 100% owner of all three hotels. Defendant signed the Agreements once as "Lessee" on behalf of each LLC and again as "Co-Lessee." The Agreements went into default, and in December 2004, all three hotels filed for bankruptcy. Plaintiff repossessed the equipment, sold it, and applied the $302,635.00 credit to the amounts due under the Agreements. On 4 November 2005, plaintiff sued defendant, as co-lessee, for the remaining deficiency.

The case was stayed pending the resolution of the bankruptcy proceedings in Kansas. On 11 August 2008 defendant moved *in limine* to preclude plaintiff's introduction into evidence of a document entitled "Objection to Motion for Relief From Stay and For Abandonment of Leave" filed in the United States Bankruptcy Court, District of Kansas. The court denied defendant's motion. At the end of plaintiff's evidence, defendant moved for directed verdict, which was denied. At the close of all evidence, defendant again moved for directed verdict, and it was again denied. On 12 August 2008 the jury returned a verdict in favor of plaintiff for $421,680.67. The trial court also awarded $1,733.65 for costs and $92,208.76 for attorneys' fees.

Defendant filed a motion for judgment notwithstanding the verdict on 13 August 2008, which was denied on 15 August 2008. Defendant appeals the denial of his motions for directed verdict and for judgment notwithstanding the verdict, the denial of his motion *in limine*, and the award of attorneys' fees in an amount that violates North Carolina General Statutes, section 6-21.2.

[1] Defendant's first argument is that the trial court improperly denied both his motion for directed verdict and his motion for judgment notwithstanding the verdict. We disagree.

When reviewing a ruling on a motion for directed verdict or judgment notwithstanding the verdict, the standard of review is sufficiency of the evidence.

> The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury. When determining the correctness of the denial for directed verdict or judgment notwithstanding the verdict, the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury. Where the motion for judgment notwithstanding the verdict is a motion that judgment be entered in accordance with the movant's earlier motion for directed verdict, this Court has required the use of the same standard of sufficiency of evidence in reviewing both motions.

*Turner v. Ellis*, 179 N.C. App. 357, 361-62, 633 S.E.2d 883, 887 (2006) (quoting *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322-23, 411 S.E.2d 133, 138 (1991)). Motions for directed verdict are intended "to test the legal sufficiency of the evidence" and "should be denied if there is any evidence more than a scintilla to support plaintiffs' prima facie case[.]" *Wallace v. Evans*, 60 N.C. App. 145, 146, 298 S.E.2d 193, 194 (1982).

In the case *sub judice*, plaintiff presented sufficient evidence concerning defendant's liability under the Agreements to overcome a directed verdict as well as sufficient evidence to allow the jury's verdict to stand. "When the language of a written contract is plain and unambiguous, the contract must be interpreted as written and the parties are bound by its terms." *Atlantic & E. ·Carolina Ry. Co. v. Wheatley Oil Co.*, 163 N.C. App. 748, 752, 594 S.E.2d 425, 429 (2004) (quoting *Five Oaks Homeowners Assoc., Inc. v. Efirds Pest Control Co.*, 75 N.C. App. 635, 637, 331 S.E.2d 296, 298 (1985)). However,

" 'where [the contract] is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the jury.' " *Kimbrell v. Roberts*, 186 N.C. App. 68, 73, 650 S.E.2d 444, 447 (2007) (quoting *Glover v. First Union National Bank*, 109 N.C. App. 451, 456, 428 S.E.2d 206, 209 (1993)). "An ambiguity exists where the terms of the contract are reasonably susceptible to either of the differing interpretations proffered by the parties." *Id.* (citing *Glover*, 109 N.C. App. at 456, 428 S.E.2d at 209). " 'The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous.' " *Id.* (quoting *Glover*, 109 N.C. App. at 456, 428 S.E.2d at 209).

Defendant signed the Agreements two times, once as an officer of the LLCs and once individually as "co-lessee." Defendant contends that his second signature only bound him to a single provision of the Agreements, which specifically referred to a "co-lessee." Plaintiff, however, argues that the inherent meaning of the term "co-lessee" is "joint lessee" or having joint liability under the Agreements. This ambiguity, on which the case hinges, is one to be determined by the jury. Denying defendant's motion for directed verdict was, therefore, proper.

Plaintiff's evidence also is sufficient to survive a motion for judgment notwithstanding the verdict. When a party signs an instrument twice, once in a representative capacity and once in a personal capacity, the individual is personally liable on the contract. *See RD&J Props. v. Lauralea-Dilton Enters., LLC*, 165 N.C. App. 737, 742-43, 600 S.E.2d 492, 497 (2004) (citing *Keels v. Turner*, 45 N.C. App. 213, 218, 262 S.E.2d 845, 847 (1980) (" '[W]here individual responsibility is demanded, the nearly universal practice in the commercial world is that the corporate officer signs twice, once as an officer and again as an individual.' ")). Furthermore, defendant provided his personal financial information to plaintiff prior to plaintiff's approval of the leases. Even though defendant argues that the term "co-lessee" is used only once in the Agreements and that the other provisions of the Agreements, therefore, do not apply to a co-lessee, plaintiff presented sufficient evidence to make the issue of defendant's personal liability a question for the jury. We hold that the trial court properly denied defendant's motions for directed verdict and for judgment notwithstanding the verdict.

[2] Defendant next contends that the trial court erred in denying his motion *in limine* to prevent the introduction into evidence of the "Objection to Motion for Relief from Stay and for Abandonment of

Leave" filed in the United States Bankruptcy Court for the District of Kansas. We hold, however, that defendant did not preserve this issue for appeal.

A trial court's ruling on a motion *in limine* is "merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial[.]" *State v. Hill*, 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997) (quoting *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49, *disc. rev. denied*, 346 N.C. 185, 486 S.E.2d 219 (1997)), *cert. denied*, 523 U.S. 1142, 140 L. Ed. 2d 1099 (1998). In order for a party to preserve this issue for appeal,

> [a] party objecting to an order granting or denying a motion *in limine* . . . is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted).

*Id.* (quoting *T&T Development Co.*, 125 N.C. App. at 602, 481 S.E.2d at 349).

In the instant case, defendant neither objected to plaintiff's line of questions that concerned the document nor objected to the admission of the document into evidence. In fact, defendant's counsel also used the document when questioning defendant. Because defendant failed to object to the introduction of this evidence at trial and therefore, failed to preserve the issue of the admissibility of the "Objection to Motion for Relief from Stay and for Abandonment of Leave" for appeal, we decline to address it here.

**[3]** Defendant's final argument is that the trial court erred in awarding $92,208.76 in attorneys' fees on a $421,680.67 verdict, in violation of the fifteen percent cap mandated by North Carolina General Statutes, section 6-21.2. We disagree.

As a general rule, in order " 'to overturn the trial judge's determination [on the issue of attorneys' fees], the defendant must show an abuse of discretion.' " *Bruning & Federle Mfg. Co. v. Mills*, 185 N.C. App. 153, 155, 647 S.E.2d 672, 674 (2007) (quoting *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982), *disc. rev. denied*, 307 N.C. 468, 299 S.E.2d 221 (1983)).

A prevailing party is not entitled to attorneys' fees unless expressly authorized by statute. *Hicks v. Albertson*, 284 N.C. 236, 238,

200 S.E.2d 40, 42 (1973). North Carolina General Statutes, section 6-21.2 provides, in relevant part,

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> . . . .
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2 (2007). This statute "is a remedial statute and should be construed liberally[.]" *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 227, 319 S.E.2d 650, 655 (1984) (citing *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 293, 266 S.E.2d 812, 817 (1980)).

This Court previously has held that "allowance of fees for participation in other proceedings to expedite collection or preserve assets would not constitute abuse of discretion." *Id.* at 228, 319 S.E.2d at 656. Specifically, we stated that "when other actions are reasonably related to the collection of the underlying note sued upon, attorneys' fees incurred therein may properly be awarded under G.S. 6-21.2[.]" *Id.* at 227-28, 319 S.E.2d at 655. "Of course, the burden remains on the claimant to present evidence that the other proceedings are reasonably related to collection of the note." *Id.* at 228, 319 S.E.2d at 656 (citing *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980)). "[T]he law requires evidence and findings of fact supporting the reasonableness of the award." *Id.* at 226, 319 S.E.2d at 655 (citing *Falls v. Falls*, 52 N.C. App. 203, 278 S.E.2d 546, *disc. rev. denied*, 304 N.C. 390, 285 S.E.2d 831 (1981); *In re Ridge*, 302 N.C. 375, 275 S.E.2d 424 (1981)).

In the instant case, the Agreements provide only that in the event of default, lessee is responsible to lessor for "reasonable attorney's fees." The trial court found as fact that the attorneys' fees were rea-

sonable "in light of the multiple actions and multiple venues through which Plaintiff had to pursue collection[.]" The trial court also found that "[a]s a result of the Plaintiff's efforts, including the expenditure of $31,311.19 of attorney fees in the ancillary Kansas bankruptcy proceedings, the defendant received a $302,635 credit on the amounts due and payable under the Master Lease Agreements." We are satisfied that the Kansas bankruptcy proceeding was reasonably related to the current action and to the collection of the debt pursuant to the Agreements. Considering that the balance of the debt collected in both the current action and the Kansas bankruptcy proceeding was $724,315.67, the trial court's award of $92,208.76 was well below the statutory ceiling of fifteen percent. In light of the mandate to construe the statute liberally and in acknowledgment of the practicality of encouraging early intervention to mitigate a debt, we hold that the trial court did not err in awarding plaintiff $92,208.76 in attorneys' fees.

For the reasons stated herein, we hold that the trial court did not err in denying defendant's motions for directed verdict and judgment notwithstanding the verdict. We hold that the trial court's ruling on defendant's motion *in limine* was not preserved for appeal. We also hold that the trial court's award of attorneys' fees was not an abuse of discretion.

No error.

Judges McGEE and STEELMAN concur.